IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANDRE EMON BENNETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-22-M |
| | § | |
| MICHAEL RYAN, Sheriff, | § | |
| Gray County, Texas, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT
## OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner, a *pretrial* detainee confined in the Gray County Jail, has filed a *pro se* federal habeas corpus petition under 28 U.S.C. § 2241 against custodian Gray County Sheriff Michael Ryan challenging the constitutionality of petitioner's continued confinement. For the following reasons, the petition should be dismissed without prejudice.

## BACKGROUND

On January 28, 2020, the Court received correspondence from petitioner wherein he appeared to be attempting to initiate a federal habeas corpus action challenging his pre-indictment, pre-trial confinement in the Gray County Jail. [ECF 3]. Specifically, petitioner asserted that on December 16, 2019, he was arrested by the Gray County Sheriff's Department for the offense of Burglary of a Habitation and, as of the time of his correspondence, had been held in Gray County Jail for "17 days on a complaint" and had "not been formally charged" with the offense. Petitioner advised he was not involved in the burglary offense but was simply a mutual friend of the

perpetrators, had not been interviewed by officers concerning his involvement or lack thereof, and that alibi witnesses would attest to his whereabouts at the time of the commission of the burglary. Petitioner requested his immediate release from physical custody.

On February 18, 2020, petitioner submitted a partially completed (pages 1-3 only) form *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*.  [ECF 6].  By his application, petitioner confirms he is challenging his pretrial detention and is "awaiting trial" on the burglary of a habitation charge, and acknowledges he has not "pursued to completion all relevant state . . . remedies relevant to [his] complaint(s) before filing this petition."  Petitioner does not state any grounds on which he claims he is being held unlawfully or summarize the facts supporting any ground.

<u>ANALYSIS</u>

A state pre-trial detainee may raise constitutional claims related to his confinement in a federal habeas proceeding brought under 28 U.S.C. § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  ("Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (internal quotes omitted)). Absent special circumstances, a pre-trial detainee may not litigate a federal defense to a state criminal charge before a judgment of conviction has been entered by a state court; however, demanding enforcement of a constitutional obligation is not precluded.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973).  Nevertheless, to warrant federal habeas relief under section 2241, a state petitioner (1) must be in custody, and (2) must have exhausted all available

state remedies.[1] *Id.* at 489-92. The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted). State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489-92. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Therefore, in Texas, a pre-trial detainee must present his claims to the Texas Court of Criminal Appeals. A petitioner is excused from the exhaustion requirement only in those "rare cases" where he can show "exceptional circumstances of peculiar urgency" so impinge upon his due process rights that immediate federal court interference is mandated. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Here, petitioner's incarceration in the Gray County Jail satisfies the "in custody" requirement for federal habeas corpus review. Petitioner acknowledges, however, that he has not pursued all relevant state remedies prior to filing the instant petition. The online electronic docket of the Texas Court of Criminal Appeals confirms petitioner has not presented the claims he raises in the instant federal habeas corpus petition to the state's highest court. In fact, it does not appear that any Texas appellate court, let alone the Court of Criminal Appeals, has reviewed the merits of petitioner's claims, and this Court would unduly trample upon the objectives of the exhaustion doctrine in hearing his case. Moreover, petitioner has not shown that trial or other existing state procedures, including pre-trial motion, state habeas review, direct appeal, or post-trial state habeas

---

[1]Although exhaustion of state remedies is only statutorily mandated for *post-trial* habeas claims under 28 U.S.C. § 2254(b), the Fifth Circuit has developed an exhaustion doctrine for all habeas actions, holding that federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

review, are insufficient to protect his constitutional rights.  Petitioner has not shown any "exceptional circumstance[] of peculiar urgency" that cannot be adequately addressed by the available state court system so as to warrant excusal from the exhaustion requirement. Accordingly, petitioner has not exhausted his state court remedies.

In addition, this Court is unable to grant federal habeas relief to a petitioner subject to ongoing state criminal proceedings unless the hurdles of the *Younger* abstention doctrine are overcome.  *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).  The *Younger* abstention doctrine discourages federal courts from interfering with pending state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The doctrine requires federal courts to decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met:  "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges."  *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).  The prerequisites for abstention under *Younger* are met in the instant case, and petitioner has failed to show any special or exceptional circumstances warranting this Court's interference.

In sum, petitioner's section 2241 petition should be dismissed not only to give the state courts the initial opportunity to confront and resolve any constitutional issues arising within their jurisdiction, but also because this Court must abstain from jurisdiction over petitioner's claims in accordance with the *Younger* abstention doctrine.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* [ECF 6] filed by petitioner ANDRE EMON BENNETT be DISMISSED without prejudice.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 26, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).